UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER RODARTE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KATHERINE LESTER,<br><br>　　　　　Defendant. | No.  2:24-cv-3430-DJC-CKD (PS)<br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, defendant Katherine Lester ("defendant" or "Chief Lester") moves to dismiss plaintiff's complaint. This matter is before the undersigned pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302(c)(21). For the reasons set forth below, the complaint fails to state a claim and this case should be dismissed.

**I.      Background**

Plaintiff Alexander Rodarte filed this action in the Sacramento County Superior Court and defendant removed it to this court on December 10, 2024. (ECF No. 1.) Plaintiff alleges he was picked up by police in December of 2020, and, while in the patrol car, the officer was stating "I DON'T WANT TO GO TO JAIL THAT I MIGHT GET RAPPED WHILE IM SLEEPING [sic]." (Id.) The officer was talking to plaintiff and "had knowledge of what happened to [plaintiff] while [he]was in jail in Merced." (Id.) Plaintiff was let go, but the officer "shared all

1

1  the negligence in the jail biometrically/cyber infrastructure." (Id.) Plaintiff brings Fourth
2  Amendment and Negligence claims and seeks monetary damages. (Id. at 6-7.)
3      On December 11, 2024, Chief Lester filed the motion to dismiss presently before the
4  court. (ECF No. 5.) The hearing date was vacated when plaintiff initially failed to file a timely
5  opposition or statement of non-opposition. (ECF No. 7.) Plaintiff was granted an extension of
6  time to oppose the motion and has filed a written opposition to the motion to dismiss stating he
7  opposes dismissal. (ECF No. 9.) The court find the matter suitable for disposition without oral
8  argument pursuant to Local Rule 230(g).

## II.    Legal Standard

Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be warranted for "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In evaluating whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Particularly because plaintiff proceeds pro se, the court liberally construes the pleadings and affords plaintiff the benefit of any doubt. Bretz v. Kelman, 773 F.2d 1026, 1027 (9th Cir. 1985). Nevertheless, courts are not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

## III.   Discussion

### A.   Fourth Amendment (Second Cause of Action)

The Fourth Amendment protects "against unreasonable searches and seizures." U.S. Const. amend IV. "A seizure triggering the Fourth Amendment's protections occurs only when government actors have, through physical force or show of authority, in some way restrained the liberty of a citizen." Graham v. Connor, 490 U.S. 386, 395 n.10 (1989) (internal citations omitted). Here, under the heading "4th Amendment," plaintiff's complaint states the following:

////

> As the 4th amendment advanced to technology amendment my privacy and data have been violated in my constitutional rights for privacy. [¶] As the officer owes a legal responsibility and breached that responsibility by violating my 4th amendment for citizens data causing sever (*sic*) hardship to my life that is unredeemable[.]

(ECF No. 1 at 7.)

Here, plaintiff has alleged a restraint on his liberty, but there are no other facts alleged that support a cause of action under the Fourth Amendment. Plaintiff also has not offered any facts about defendant's involvement in or relation to the events described in the complaint. The complaint fails to state a Fourth Amendment claim against Chief Lester.

### B. Negligence (First Cause of Action)

Under the California Government Claims Act, no action for damages may be commenced against a public employee or entity unless a written claim was timely presented (within six months after the challenged incident) and acted upon before filing suit. See Cal. Govt. Code §§ 905, 945.4, 950.2. The resulting suit must "allege facts demonstrating or excusing compliance with the claim presentation requirements" or the state law claim is subject to dismissal. State of California v. Superior Ct., 32 Cal.4th 1234, 1239 (2004). "The requirement that a plaintiff must affirmatively allege compliance with the [Government Claims Act] applies in federal court." Butler v. Los Angeles County, 617 F. Supp. 2d 994, 1001 (C.D. Cal. 2008). Plaintiff cannot maintain a state law negligence claim against defendant due to the failure to allege compliance with the Government Claims Act. Moreover, in light of plaintiff's failure to state a federal claim, the court should not exercise supplemental jurisdiction over a state law negligence claim. See 28 U.S.C. § 1367(c)(3) (stating that the "district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction").

### C. Leave to Amend

Leave to amend should be freely granted when justice so requires. However, "[v]alid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293

1  (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have
2  to allow futile amendments).
3        Here, it clearly appears appear amendment would be futile. To the extent plaintiff attempts
4  to state a claim under the Fourth Amendment, the complaint does not come close to meeting the
5  requisite pleading standard for an unreasonable seizure. Plaintiff also has not offered any facts
6  about defendant's involvement in or relation to the events described in the complaint and
7  plaintiff's opposition to the motion to dismiss indicates there are no additional facts plaintiff
8  could plead to state a claim. If, however, plaintiff can allege further facts to state a plausible claim
9  for relief, then plaintiff shall include those factual allegations in any objections to these findings
10 and recommendations.

11     **IV.**    **Recommendation**
12       For the reasons set forth above, IT IS HEREBY RECOMMENDED that defendant's
13 motion to dismiss (ECF No. 5) be granted and this case be dismissed for failure to state a claim.
14       These findings and recommendations are submitted to the United States District Judge
15 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14)
16 days after being served with these findings and recommendations, any party may file written
17 objections with the court and serve a copy on all parties. Such a document should be captioned
18 "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections
19 shall be served on all parties and filed with the court within seven (7) days after service of the
20 objections. Failure to file objections within the specified time may waive the right to appeal the
21 District court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951
22 F.2d 1153, 1156-57 (9th Cir. 1991).
23 Dated: April 21, 2025

                        CAROLYN K. DELANEY
                        UNITED STATES MAGISTRATE JUDGE

8, roda24cv3430.mtd